Michael L. Cohen (SBN 206253)
Michael L. Cohen, A Professional Law Corporation
10866 Wilshire Boulevard, 10th Floor
Los Angeles, CA 90024
Phone: (213) 413-6400
Facsimile: (213) 403-6405
Email: cohen@mlcplclaw.com

Attorney for Defendants-Counterclaim Plaintiffs,
Darrell Maag & Southern California Research, LLC

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA BARBARA**

| | |
|---|---|
| In re:<br><br>SOUTHERN CALIFORNIA RESEARCH, LLC,<br><br>    Debtor.<br><br>TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA and TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>    Plaintiffs,<br><br>v.<br><br>SOUTHERN CALIFORNIA RESEARCH, LLC, a California Limited Liability Company, and DARRELL MAAG, an individual,<br><br>    Defendants. | Case No. 9:22-bk-10022-DS<br><br>CHAPTER 11<br><br><br><br><br><br><br><br>Case No. 9:23-ap-01011-DS<br><br>ADVERSARY PROCEEDING<br>[JURY TRIAL DEMANDED] |

**MAAG & SCR'S ANSWER & COUNTERCLAIM**

**TO TRAVELERS' COMPLAINT FOR DECLARATORY RELIEF**

**PURSUANT TO 28 U.S.C. § 2201 & BANKRUPTCY RULE 7001**

Defendants-Counterclaim Plaintiffs Darrell Maag ("Maag") and Southern California Research, LLC ("SCR") submit this answer and counterclaim in response to the Adversary Proceeding filed by the plaintiffs, Travelers Casualty Insurance

1

Company of America and Travelers Property Casualty Company of America (collectively, "Travelers"), Case No. 9:23-ap-01011-DS (Doc 1).

The allegations in this pleading are based Maag and SCR's personal knowledge, on investigation by their counsel, and on information and belief.

## CORE DESIGNATION & JURISDICTION

1. Pursuant to Local Bankruptcy Rule ("LBR) 7008-1 and Rules 7008 and 7012(b) of the Federal Rules of Bankruptcy Procedure, Maag and SCR state as follows:

- This is a core proceeding under 28 U.S.C. § 157(b)(2)(C). This pleading asserts a counterclaim by Maag and SCR against Travelers. *See In Re: Southern California Research, LLC*, Case No. 9:22-bk-10022-DS, Chapter 11 & *In Re: Darrell Derrick Maag*, 9:22-bk-10023-DS, Chapter 11.

- Maag and SCR consent to entry of final orders or judgment by the bankruptcy court.

## MAAG & SCR'S ANSWER TO TRAVELERS' COMPLAINT FOR DECLARATORY RELIEF

2. Maag and SCR admit the allegations in paragraph 1 of Travelers' Adversary Proceeding.

3. Maag and SCR admit the allegations in paragraph 2 of Travelers' Adversary Proceeding.

4. Regarding the allegations in paragraph 3 of Travelers' Adversary Proceeding, Maag and SCR admit that the relevant Travelers policies state limits of coverage. Maag and SCR also admit that the Travelers policies have terms, provisions, conditions, exclusions, limitations, and endorsements. Maag and SCR deny the remaining allegations in paragraph 3 of Travelers' Adversary Proceeding.

5. Maag and SCR lack knowledge or information to form a belief about the truth of the allegations in paragraphs 4 and 5 of Travelers' Adversary Proceeding.

6. Maag and SCR admit the allegations in paragraph 6 of Travelers' Adversary Proceeding.

7. Maag and SCR admit the allegations in paragraph 7 of Travelers' Adversary Proceeding.

8. Maag and SCR admit the allegations in paragraph 8 of Travelers' Adversary Proceeding.

9. Maag and SCR contend that this is a "core proceeding" under 28 U.S.C. § 157(b)(2)(C). Maag and SCR admit the remaining allegations in paragraph 9 of Travelers' Adversary Proceeding.

10. Maag and SCR admit the allegations in paragraph 10 of Travelers' Adversary Proceeding.

11. Maag and SCR admit the allegations in paragraphs 11 of Travelers' Adversary Proceeding.

12. Maag and SCR admit the allegations in paragraph 12 of Travelers' Adversary Proceeding.

13. Maag and SCR admit the allegations in paragraph 13 of Travelers' Adversary Proceeding.

14. Maag and SCR admit the allegations in paragraph 14 of Travelers' Adversary Proceeding.

15. Maag and SCR admit the allegations in paragraph 15 of Travelers' Adversary Proceeding.

16. Maag and SCR admit the allegations in paragraph 16 of Travelers' Adversary Proceeding.

17. Maag and SCR admit the allegations in paragraph 17 of Travelers' Adversary Proceeding.

18. Maag and SCR lack knowledge or information to form a belief about the truth of the allegations regarding the ownership percentages for Dr. Murphy and Dr.

Munjack in paragraph 18 of Travelers' Adversary Proceeding. Maag and SCR admit the remaining allegations in paragraph 18.

19. Maag and SCR deny the allegations in paragraph 19 of Travelers' Adversary Proceeding regarding his title when Maag worked for SRI. Maag and SCR admit the remaining allegations in paragraph 19.

20. Maag and SCR deny the allegations in paragraph 20 of Travelers' Adversary Proceeding.

21. Maag and SCR lack knowledge or information to form a belief about the date the California court entered judgment for Dr. Munjack's Trust. Maag and SCR admit the remaining allegations in paragraph 21 of Travelers' Adversary Proceeding.

22. Regarding the allegations in paragraph 22 of Travelers' Adversary proceeding, Maag and SCR admit the following:

- that Maag created SCR on June 13, 2012
- that Maag is SCR's sole member
- that SCR does the same or similar clinical trial work as SRI
- that Maag was still employed by SRI when he created SCR
- that Maag is SCR's sole member, and
- that Dr. Murphy consented to Maag creating SCR.

Maag and SCR further admit that SRI alleged that SCR imitated SRI's website, logo, and slogan, but Maag and SCR denied and continue to deny these allegations.

23. Maag and SCR lack knowledge or information to form a belief about whether Travelers issued any insurance policies to SRI. Maag and SCR admit the remaining allegations in paragraph 23 of Travelers' Adversary proceeding.

24. Maag and SCR admit the allegations in paragraph 24 of Travelers' Adversary Proceeding.

25. Regarding the allegations in paragraph 25 of Travelers' Adversary Proceeding, Maag and SCR admit that SRI made the allegations stated in paragraph 25, but Maag and SCR denied and continue to deny these allegations.

26. Maag and SCR admit the allegations in paragraph 26 of Travelers' Adversary Proceeding.

27. Maag and SCR lack knowledge or information to form a belief regarding the allegations in paragraph 27 of Travelers' Adversary Proceeding.

28. Maag and SCR admit the allegations in paragraph 28 of Travelers' Adversary Proceeding.

29. Maag and SCR admit the allegations in paragraph 29 of Travelers' Adversary Proceeding.

30. Regarding the allegations in paragraph 30 of Travelers' Adversary Proceeding, Maag and SCR lack knowledge or information to form a belief as to whether Travelers conducted any investigation.  Maag and SCR admit the remaining allegation in paragraph 30.

31. Maag and SCR admit the allegations in paragraph 31 of Travelers' Adversary Proceeding.

32. Maag and SCR admit the allegations in paragraph 32 of Travelers' Adversary Proceeding.

33. Regarding the allegations in paragraph 33 of Travelers' Adversary Proceeding, Maag and SCR deny that discovery disputes "plagued" the "Underlying Action."  Moreover, the court assigned the parties in the "Underlying Action" to only one discovery referee.  Maag and SCR admit the remaining allegations in paragraph 33.

34. Maag and SCR admit the allegations in paragraph 34 of Travelers' Adversary Proceeding.

35. Maag and SCR admit the allegations in paragraph 35 of Travelers' Adversary Proceeding.

36. Maag and SCR admit the allegations in paragraph 36 of Travelers' Adversary Proceeding.

DOCS_LA:350026.1 68700/001

37. Maag and SCR admit the allegations in paragraph 37 of Travelers' Adversary Proceeding.

38. Maag and SCR admit the allegations in paragraph 38 of Travelers' Adversary Proceeding.

39. Maag and SCR admit the allegations in paragraph 39 of Travelers' Adversary Proceeding.

40. Maag and SCR lack knowledge or information to form a belief as to the allegations in paragraph 40 of Travelers' Adversary Proceeding.

41. Maag and SCR lack knowledge or information to form a belief as to the allegations in paragraph 40 of Travelers' Adversary Proceeding, though the information available to Maag and SCR suggest that Travelers did not conduct its own, independent evaluation of the claims against them.

42. Maag and SCR admit that Travelers sent an e-mail on January 07, 2021, and that Travelers proposed offering the "Underlying Plaintiffs" $750,000. Maag and SCR deny the remaining allegations in paragraph 42 of Travelers' Adversary Proceeding.

43. Maag and SCR admit that dismissal of Maag's lawsuit against SRI was one of the conditions set forth in SRI's policy-limit demand. Maag and SRI deny the remaining allegations in paragraph 43 of Travelers' Adversary Proceeding.

44. Maag and SCR deny the allegations in paragraph 44 of Travelers' Adversary Proceeding.

45. Maag and SCR admit that Travelers rejected SRI's policy-limit demand by making a counteroffer for $795,000. Maag and SCR deny the remaining allegations in paragraph 45 of Travelers' Adversary Proceeding.

46. Maag and SCR admit the allegations in paragraph 46 of Travelers' Adversary Proceeding.

6

47.   Maag and SCR deny that SRI's policy-limit demand "expired."  Rather, Travelers' rejected SRI's demand by making a lowball counteroffer.  Maag and SRI admit the remaining allegations in paragraph 47 of Travelers' Adversary Proceeding.

48.   Maag and SCR admit the allegations in paragraph 48 of Travelers' Adversary Proceeding.

49.   Maag and SCR admit the allegations in paragraph 49 of Travelers' Adversary Proceeding.

50.   Maag and SCR admit the allegations in paragraph 50 of Travelers' Adversary Proceeding.

51.   Maag and SCR admit the allegations in paragraph 51 of Travelers' Adversary Proceeding.

52.   Maag and SCR admit the allegations in paragraph 52 of Travelers' Adversary Proceeding.

53.   Maag and SCR admit the allegations in paragraph 53 of Travelers' Adversary Proceeding.

54.   Maag and SCR deny that Maag refused to contribute anything to a settlement offer.  Maag and SCR lack knowledge or information to form a belief as to the remaining allegations in paragraph 54 of Travelers' Adversary Proceeding.

55.   Maag and SCR admit the allegations in paragraph 55 of Travelers' Adversary Proceeding.

56.   Maag and SCR admit the allegations in paragraph 56 of Travelers' Adversary Proceeding.

57.   Maag and SCR admit the allegations in paragraph 57 of Travelers' Adversary Proceeding.

58.   Maag and SCR admit the allegations in paragraph 58 of Travelers' Adversary Proceeding.

59.   Maag and SCR admit the allegations in paragraph 59 of Travelers' Adversary Proceeding.

60. Maag and SCR admit the allegations in paragraph 60 of Travelers' Adversary Proceeding.

61. Maag and SCR lack knowledge or information to form a belief as to whether Travelers has paid $3 million. Maag and SCR deny the remaining allegations in paragraph 61 of Travelers' Adversary Proceeding.

62. Maag and SCR admit the allegations in paragraph 62 of Travelers' Adversary Proceeding.

63. Maag and SCR admit the allegations in paragraph 63 of Travelers' Adversary Proceeding.

64. Maag and SCR incorporate here their responses to paragraphs 1 through 63 above.

65. Maag and SCR admit that Travelers is making the contentions set forth in paragraphs 65.a. through 65.h. of Travelers Adversary Proceeding. But Maag and SCR deny the validity of these allegations.

66. Maag and SCR deny the allegations in paragraph 66 of Travelers' Adversary Proceeding.

67. Maag and SCR deny the allegations in paragraph 67 of Travelers' Adversary Proceeding.

68. Maag and SCR admit that Travelers "desires a judicial determination," but they deny that Travelers is entitled to such a determination.

69. Maag and SCR deny that Travelers is entitled to the relief that it seeks in its "Prayer for Relief," on page 19 of Travelers' Adversary Proceeding.

*[Please go to the next page.]*

DOCS_LA:350026.1 68700/001

## MAAG & SCR'S COUNTERCLAIM AGAINST TRAVELERS FOR TORTIOUS BREACH OF THE IMPLIED COVENANT OF GOOD FAITH & FAIR DEALING (FAILURE TO ACCEPT REASONABLE SETTLEMENT DEMAND WITHIN LIABILITY POLICY LIMITS)

70. Maag and SCR were insured under liability policies issued by Travelers.

71. The Dennis Munjack Inter Vivos Trust and Southwestern Research, Inc. (collectively, "SRI") made a claim against Maag and SCR that was covered by the Travelers' policies.

72. On December 14, 2020, SRI made a reasonable demand to settle its claims against Maag and SCR for an amount within the limits of the Travelers policies.

73. Travelers failed to accept SRI's settlement demand. In fact, Travelers rejected SRI's settlement demand.

74. Travelers' failure to accept the settlement demand was the result of unreasonable conduct by Travelers, including but not limited to the following:

- Travelers failed to give at least as much consideration to Maag and SCR's interests as Travelers gave to its own interests.
- Travelers failed to conduct a full, fair, prompt, and thorough investigation of all the bases of SRI's claims against Maag and SCR.
- Travelers told Maag and SCR that Travelers intended to reject SRI's settlement demand by e-mail on the morning the deadline to accept the settlement demand, and Maag and SCR became aware of Travelers decision only after Travelers had communicated its counteroffer (and thus rejection of SRI's settlement demand) to SRI's counsel.

75. A judgment was entered against Maag and SCR for a sum of money greater than the limits of the Travelers policies.

DOCS_LA:350026.1 68700/001

76. Travelers' failure to accept SRI's settlement demand was a substantial factor in causing Maag and SCR's harm. This harm includes but is not limited to the following:

- Both Maag and SCR filed bankruptcy.
- SCR is out of business.
- Maag has lost or will lose nearly all his life savings, which will go principally to paying off SRI, his largest creditor.
- Maag suffered physical injuries because of the stress caused by Travelers' unreasonable conduct.
- Maag also suffered substantial emotional distress.

77. Maag and SCR should also be awarded exemplary damages because Travelers is guilty of "malice," "oppression," or "fraud" as these terms are defined by section 3294 of the California Civil Code. Travelers acted with "malice" because its conduct was despicable and carried on with a willful and conscious disregard for Maag and SCR's rights under the Travelers policies and California law. Travelers acted with "oppression" because its conduct was despicable and subjected Maag and SCR to cruel and unjust hardship in conscious disregard of their rights under the Travelers policies and under California law. Travelers committed "fraud" because the company failed to advise Maag and SCR that Travelers could accept and pay SRI's settlement demand—either entirely on its own or with contribution from Maag and SCR—while reserving Travelers' rights to seek a judicial determination of noncoverage and to seek reimbursement from Maag and SCR for whatever sums Travelers had paid toward the settlement. And the bankruptcy proceedings have revealed that Maag and SCR had the financial wherewithal to reimburse Travelers if Travelers were to have prevailed in post-settlement litigation against them.

## **MAAG & SCR'S REQUEST FOR RELIEF**

Maag and SCR respectfully request that the Court entered judgment in their favor and against Travelers, as follows:

10

DOCS_LA:350026.1 68700/001

- for consequential economic damages in an amount to be determined at trial;
- for damages for Maag's physical injuries and emotional distress, in an amount to be determined at trial;
- for exemplary damages, in an amount to be determined at trial;
- for such other and further relief, at law or in equity, to which Maag and SCR are justly entitled.

Dated:  July 10, 2023

By: */s/ Michael L. Cohen*
Michael L. Cohen (SBN 206253)
Michael L. Cohen, A Professional Law Corporation
10866 Wilshire Boulevard, 10th Floor
Los Angeles, CA 90024
P: (213) 413-6400
F: (213) 403-6405
Email:  cohen@mlcplclaw.com
www.mlcplclaw.com

Attorney for Defendants-Counterclaim Plaintiffs, Darrell Maag & Southern California Research, LLC

11

DOCS_LA:350026.1 68700/001

## MAAG & SCR'S DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Rule 9015(a) of the Federal Rules of Bankruptcy Procedure, and Local Bankruptcy Rule 9015-2, Maag and SCR demand a jury trial for all issues that may be tried to a jury.

Maag and SCR consent to the Bankruptcy Court conducting a jury trial.

Dated: July 10, 2023

By: */s/ Michael L. Cohen*
Michael L. Cohen (SBN 206253)
Michael L. Cohen, A Professional Law Corporation
10866 Wilshire Boulevard, 10th Floor
Los Angeles, CA 90024
P: (213) 413-6400
F: (213) 403-6405
Email: cohen@mlcplclaw.com
www.mlcplclaw.com

Attorney for Defendants-Counterclaim Plaintiffs, Darrell Maag & Southern California Research, LLC

DOCS_LA:350026.1 68700/001

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

10866 Wilshire Boulevard, 10th Floor, Los Angeles, CA 90024

A true and correct copy of the foregoing document entitled **MAAG & SCR'S ANSWER & COUNTERCLAIM TO TRAVELERS' COMPLAINT FOR DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201 & BANKRUPTCY RULE 7001** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **July 10, 2023**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On (*date*) _____, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served):  Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **July 10, 2023**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

*Via Electronic Mail*
Nicholas J. Boos, Esq.
nboos@maynardcooper.com

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| July 10, 2023 | Michael L. Cohen | /s/ *Michael L. Cohen* |
|---|---|---|
| Date | Printed Name | Signature |

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**
DOCS_LA:350023.1 68700/001

# U.S. Bankruptcy Court
## Central District of California (Santa Barbara)
### Adversary Proceeding #: 9:23-ap-01011-DS

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

**9:23-ap-01011-DS Notice will be electronically mailed to:**

J Scott Bovitz on behalf of Interested Party Southwestern Research, Inc.
bovitz@bovitz-spitzer.com

Michael L Cohen on behalf of Defendant Southern California Research, LLC
cohen@mlcplclaw.com

Judy M Lam on behalf of Plaintiff TRAVELERS CASUALTY INSURANCE COMPANY OF AMERICA
jlam@maynardcooper.com, Mshabpareh@klgla.com

Kristin T Mihelic on behalf of U.S. Trustee United States Trustee (ND)
kristin.t.mihelic@usdoj.gov

Jerry Namba (TR)
jnambaepiq@earthlink.net,
jnambalaw@yahoo.com;jn01@trustesolutions.net;paknamba@gmail.com

United States Trustee (ND)
ustpregion16.nd.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*  
DOCS_LA:350023.1 68700/001

**F 9013-3.1.PROOF.SERVICE**